IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL LERCH,**

Petitioner,

v.   Civil Action No. **3:08CV305**

**GEORGE M. HINKLE,**

Respondent.

### MEMORANDUM OPINION

Michael Lerch ("Petitioner"), a Virginia prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, to which Petitioner has responded. Petitioner has also filed several discovery-related motions. All matters are ripe for disposition.

### I. PROCEDURAL HISTORY

In 1996, the Circuit Court for the City of Norfolk ("the Circuit Court") convicted Petitioner, after a bench trial, of two counts of Aggravated Sexual Battery. The Circuit Court sentenced Petitioner to two consecutive ten-year terms of imprisonment. The Circuit Court, however, suspended eighteen years of the sentence on the conditions that, *inter alia*, Petitioner attend therapy for sex offenders and refrain from contact with any child under age fifteen until Petitioner's probation officer and therapist "agree that there shall be no danger to such child." (Br. in Supp. of Respt.'s Mot. to Dismiss Ex. A2 at 4.) In August 2001, Petitioner moved to the State of Texas, which assumed responsibility for supervising Petitioner. (Br. in Supp. of Respt.'s Mot. to Dismiss Ex. A4 at 1.)

On September 30, 2005, the Commonwealth of Virginia issued a probation violation capias after being notified that Petitioner violated the terms of his probation. (Br. in Supp. of Respt.'s Mot. to Dismiss Ex. A7.) On August 18, 2006, after a hearing at which appointed counsel represented Petitioner, the Circuit Court found Petitioner in violation of the terms of his supervised released and imposed the entire eighteen-year suspended sentence.[1] The Court of Appeals of Virginia affirmed his sentence February 7, 2007, and the Supreme Court of Virginia refused his petition for appeal on July 3, 2007.

Petitioner filed a state habeas petition on September 4, 2007, alleging that counsel at the revocation hearing rendered ineffective assistance. The Supreme Court of Virginia denied the habeas petition, finding that Petitioner had no constitutional right to effective assistance of counsel.[2]

---

[1] Virginia law allows for, but does not require, the appointment of counsel in revocation proceedings. Va. Code Ann. § 53.1-165 (West 2009). This creates statutory rights, but does not necessarily invoke constitutional, or Sixth Amendment, principles in this post-conviction proceeding. See United States v. Lester, No. 95-5765, 1996 WL 28970, at *3 (6th Cir. Jan. 24, 1996) (holding that federal statutory right to appointed counsel at supervised release revocation hearing does not implicate constitutional right to effective assistance of counsel); United States v. Allgood, 48 F. Supp. 2d 554, 559-60 (E.D. Va. 1999) (same); United States v. Drew, 2 F. Supp. 2d 781, 783 & n.2 (same).

[2] Specifically, the Supreme Court of Virginia ruled that "there is no constitutional right to counsel at a probation revocation hearing. Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973)." Lerch v. Warden, Greensville Corr. Ctr., No. 071856, at 3 (Va. Mar. 17, 2008) (citation underlined in original). Although the Virginia Supreme Court did not discuss the issue further, it is clear that, without a right to the appointment of counsel, no constitutional right to the *effective* assistance of counsel exists. See Lester, 1996 WL 28970, at *3; Allgood, 48 F. Supp. 2d at 559-60 ; Drew, 2 F. Supp. 2d at 783 & n.2; see also 3 Lafave, Israel, King, and Kerr § 11.7(a).

## II. PETITIONER'S CLAIMS

Petitioner raises the following claims, all relating to counsel's allegedly ineffective assistance at Petitioner's probation violation hearing:

Claim One: The Supreme Court of Virginia erred by finding that Petitioner was not constitutionally entitled to counsel at his probation violation proceeding; and,

Claim Two: Petitioner's counsel rendered ineffective assistance at his revocation hearing by:
- (a) failing to appeal to the Supreme Court of Virginia ;
- (b) failing to object to the means by which the capias for his arrest was issued;
- (c) failing to object to the lack of a preliminary hearing;
- (d) failing to provide Petitioner with a copy of the probation officer's Major Violation Report;
- (e) failing to object to the admission into evidence of his Texas Probation Agreement;
- (f) failing to object to testimony by his probation officer regarding the conditions of his supervised probation;
- (g) failing to object to the admission of hearsay evidence;
- (h) failing to object to the consideration by the trial court of a letter from Dawn Langevin;
- (i) failing to object to the admission of the results of an August 2000 polygraph test;
- (j) failing to argue that there was a conflict between the sentencing order and the requirements of his probation; and,
- (k) failing to argue that the Circuit Court's decision to revoke Petitioner's probation and impose the entire suspended sentence was arbitrary.

(Br. in Support of Pet. 3-4.) Respondent has moved to dismiss the petition on the grounds that Petitioner had no constitutional right to effective assistance of counsel at the probation revocation hearing.

## III. ANALYSIS

Habeas relief may be granted under 28 U.S.C. § 2254 only if a state court decision is contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or rests on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

A Sixth Amendment[3] constitutional right to counsel generally does not attach to probation revocation hearings, which occur post-conviction. *See Pa. Bd. of Probation & Parole v. Scott*, 524 U.S. 357, 365 n.5 (1998) (*citing Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973)). However, under certain circumstances the Due Process Clause[4] grants an offender the right to appointed counsel at his probation revocation hearing.[5] *See Gagnon*, 411 U.S. at 787. "[T]he

---

[3] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const., amend. VI.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[5] "[A] necessary corollary of a constitutional right to counsel that is based on the fair-hearing grounding of the Sixth Amendment, the similar grounding of due process, or the concept of equal protection, is that the retained or appointed counsel not undermine that right by providing ineffective assistance." 3 W. Lafave, J. Israel, N. King, and O. Kerr § 11.7(a), *Criminal Procedure* (2008). "Thus, there is a right to 'effective assistance that apparently

decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system." *Id.* at 790. Counsel should "presumptively" be appointed where the probationer requests counsel:

> based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id.*; *see also Maxwell v. Barnett*, No. 89-6027, 1991 WL 22828, at *2 (4th Cir. Feb. 26, 1991) (explaining that *Gagnon* requires appointment of counsel only where the alleged violations are contested or "where the reasons that justify or mitigate the violation are complex or otherwise difficult to develop and present"). In doubtful cases, courts may also weigh the inability of the accused to speak effectively on his own behalf. *Gagnon*, 411 U.S. at 790-91. Nevertheless, the "participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings." *Id.* at 790.

As noted above, appointed counsel represented Lerch, but did so pursuant to a Virginia statute leaving such appointment to the discretion of the hearing officer. Va. Code Ann. § 53.1-165. The appointment itself did not involve application of a *Gagnon* review. The discretionary appointment of counsel also does not give rise to a constitutional right to counsel, nor the

---

extends to all proceedings for which there would be a right to appointed counsel under either the Sixth Amendment, due process, or some other constitutional provision.'" *In re Grand Jury Subpoenas*, 906 F.2d 1485, 1494 n.2 (10th Cir. 1990) (*quoting* 2 W. LaFave & J. Israel, *Criminal Procedure* § 11.2(b) at 21 (1984)).

concomitant constitutional right to the effective assistance of counsel. *Lester*, 1996 WL 28970, at *3; *Allgood*, 48 F. Supp. 2d at 559-60 ; *Drew*, 2 F. Supp. 2d at 783 & n.2; *see also* 3 Lafave, Israel, King, and Kerr § 11.7(a). Even given the presence of counsel appointed by the Commonwealth in this case, this Court must conduct a *Gagnon* analysis to discern whether Lerch had a constitutional *right* to counsel in this probation revocation hearing. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (holding that no right to *effective* counsel exists absent a constitutional right to counsel); *see also Talbott v. Johnson*, No. 7:06-CV-00510, 2006 WL 3761623, *2-3 (W.D. Va. Dec. 21, 2006) (affirming as reasonable Supreme Court of Virginia's conclusion that court-appointed counsel could not have rendered constitutionally ineffective assistance of counsel because petitioner had no right to counsel under *Gagnon*). Only if Lerch shows his right to counsel can the Court then address whether counsel's effectiveness meets constitutional mandates.

Here, Lerch cannot meet the requirements of review under *Gagnon*, meaning he cannot establish he had a constitutional right to counsel at his revocation hearing. Lerch did not contest the violation, instead admitting at the revocation hearing that he had contact with children under fifteen years of age. (Br. in Support of Respt.'s Mot. to Dismiss Ex. A3 at 11-12, 22.) The contact provided the basis for the Circuit Court order to serve his suspended sentence. (Br. in Support of Respt.'s Mot. to Dismiss Ex. A3 at 29-30.) Lerch's failure to deny the violation prevents relief under the first part of the *Gagnon* test.

As to the second part of analysis in *Gagnon*, 411 U.S. at 790, Lerch argued in mitigation that, because his therapist and probation officer had allowed him to visit his granddaughter on several occasions, he believed that the restriction on contact with children no longer applied.

(Br. in Support of Respt.'s Mot. to Dismiss Ex. A3 at 23-24.) Petitioner claims that he enjoyed the right to effective assistance by counsel because he "was extradited back from Texas, there was mitigating evidence that needed to be collected and presented, and the petitioner had little to no prior criminal justice system experience." (Petr.'s Reply to Respt.'s Mot. to Dismiss ¶ 40.) Petitioner does not identify any additional evidence relevant to his defense, nor does he explain why its collection and presentation would have been unduly complex.[6] Nor do these assertions suggest substantial reasons justifying the violation or making it inappropriate. *Gagnon*, 411 U.S. at 790. This Court simply cannot conduct an analysis as to the effectiveness of Lerch's counsel because he invokes a constitutional right to counsel that he lacks.

Petitioner also relies on *Mempa v. Rhay*, 389 U.S. 128 (1967), for the proposition that he enjoyed a Sixth Amendment right to counsel because the hearing was a combined probation revocation and sentencing hearing. (Petr.'s Reply to Respt.'s Mot. to Dismiss ¶ 35.) *Mempa*, however, is limited to cases in which "the sentencing has been deferred subject to probation." 389 U.S. at 130; *see also Jackson v. Miller*, 260 F.3d 769, 775-76 (7th Cir. 2001). The Circuit Court imposed Petitioner's sentence at the conclusion of his trial in 1996. *See Lorenz v. Davis*, 1:07cv940, 2008 WL 2943306 at *6 (E.D. Va. July 30, 2008) (evaluating similar claim pursuant to *Gagnon* due process analysis rather than *Mempa* Sixth Amendment analysis). Petitioner therefore had no Sixth Amendment right to counsel at his revocation hearing.

---

[6] Although the Court likely need not conduct this aspect of the *Gagnon* analysis because Lerch had a lawyer and because he clearly does not satisfy the *Gagnon* test, it is worth noting that Petitioner does not argue that he cannot speak effectively on his own behalf. Instead, he explains that "though [Petitioner] may be articulate and clearly intelligent, **he is not 'well versed in the criminal justice system'.**" (Petr.'s Reply to Respt.'s Mot. to Dismiss ¶ 39.)

The decision of the Supreme Court of Virginia was not incorrect, much less contrary to or an unreasonable application of clearly established federal law. Accordingly, Respondent's motion to dismiss (Docket No. 23) will be GRANTED. Petitioner's claims will be DENIED. The action will be DISMISSED. As Petitioner's claims lack merit, he cannot show good cause for discovery. *See* Rules Governing § 2254 Cases in the District Court, Rule 6(a). His discovery-related motions (Docket Nos. 19-22, 31-32) therefore will be DENIED.

An appropriate Order will issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: March 6, 2009
Richmond, Virginia